UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,          Case No. 1:19CR493
                               Cleveland, Ohio
   vs.                  Thursday, December 12, 2019
                               2:18 p.m.
NATHAN JESUS BAEZA,

       Defendant.

TRANSCRIPT OF CHANGE OF PLEA HEARING
BEFORE THE HONORABLE JONATHAN D. GREENBERG
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:  Margaret A. Sweeney
                    Office of the U.S. Attorney - Cleveland
                    Carl B. Stokes U.S. Courthouse
                    801 Superior Avenue, West, Suite 400
                    Cleveland, Ohio 44113
                    (216) 622-3600

For the Defendant:  James J. McDonnell
                    Attorney at Law
                    55 Public Square, Suite 2100
                    Cleveland, Ohio 44113
                    (216) 781-2125

Court Reporter:     Caroline Mahnke, RMR, CRR, CRC
                    Federal Building & U.S. Courthouse
                    2 South Main Street, Suite 568
                    Akron, Ohio 44308
                    (330) 252-6021

Proceedings recorded by ECRO; transcript produced by
computer-aided transcription.

1              Thursday, December 12, 2019

2              THE DEPUTY CLERK:  All rise.

3              THE COURT:  Thank you.  Please be seated.

4              THE DEPUTY CLERK:  This Court is back in session

5    pursuant to recess.  The Honorable Jonathan D. Greenberg

6    presiding.

7         Your Honor, the case before the Court carries Case

8    Number 1:19CR493, United States of America versus Nathan

9    Jesus Baeza.

10             THE COURT:  Good afternoon.

11          On behalf of the United States.

12             MS. SWEENEY:  Margaret Sweeney on behalf of the

13   United States.

14             THE COURT:  On behalf of the defendant.

15             MR. MCDONNELL:  Jim McDonnell on behalf of Mr.

16   Baeza.

17             THE COURT:  Ms. Sweeney, is this a matter that

18   the Crime Victims' Rights Act would apply to?

19             MS. SWEENEY:  No, Judge.

20             THE COURT:  Sir, you are Nathan Jesus Baeza?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Am I pronouncing your name correctly?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  Thank you.

25          Mr. Baeza, I've been informed that you wish to plead

1       guilty today.

2              Is my understanding correct?

3                     THE DEFENDANT:  Yes, Your Honor.

4                     THE COURT:  Sir, I understand you've consented to

5       this Court receiving your plea.

6              Is that likewise correct?

7                     THE DEFENDANT:  Yes, Your Honor.

8                     THE COURT:  I have an original consent form with

9       me here on the bench.  I would like you to take a look at

10      it, please.

11             Mr. Baeza, is that your signature on the consent form?

12                    THE DEFENDANT:  Yes, Your Honor.

13                    THE COURT:  And have you discussed this consent

14      with your attorney?

15                    THE DEFENDANT:  Yes, Your Honor.

16                    THE COURT:  And, sir, do you understand that you

17      have the right to offer your guilty plea to Judge Oliver,

18      the trial judge in this case?

19                    THE DEFENDANT:  Yes, Your Honor.

20                    THE COURT:  And, sir, do you understand that by

21      giving this consent to my jurisdiction, you give up your

22      right to offer your guilty plea directly to Judge Oliver?

23                    THE DEFENDANT:  Yes, Your Honor.

24                    THE COURT:  Mr. Baeza, do you still wish to

25      proceed with your guilty plea here today?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Very well.

3          The purpose of this proceeding -- the purposes of this

4     proceeding are to establish you're competent to make a plea,

5     to make sure that your plea is free and voluntary, to be

6     certain that you understand the charges asserted against

7     you, the maximum penalties for those charges, and the

8     constitutional rights that you are giving up by pleading

9     guilty, to determine that there is a factual basis for the

10    plea, and to receive your plea.

11         During today's proceeding I'll be asking you a series

12    of questions.  The court reporter will record my questions

13    and your answers.  Only oral or spoken answers can be

14    recorded as opposed to the nod of a head or any other kind

15    of gesture.  So please clearly state your answers.

16         If you do not understand any of the questions or at

17    any time wish to consult with your attorney, please say so

18    because it is valid and -- excuse me.  It is essential to a

19    valid plea that you understand each question before you

20    answer.

21         Sir, do you understand these instructions?

22            THE DEFENDANT:  Yes, Your Honor.

23            THE COURT:  You have the right to remain silent.

24    You're not required to make a statement, and anything you

25    say may be used against you.

1          Before receiving your guilty plea, there are a number

2    of questions I will ask you to assure that your plea is

3    valid.  By answering these questions, you will be making

4    statements against your interest and you will incriminate

5    yourself.

6          Do you understand that by proceeding here today with a

7    guilty plea, you will necessarily be giving up your right to

8    remain silent?

9               THE DEFENDANT:  Yes, Your Honor.

10              THE COURT:  The clerk will please swear in the

11   defendant.

12        (The Defendant was sworn in.)

13              THE COURT:  Sir, you've now been sworn and you're

14   under oath to tell the truth.  Your answers to my questions

15   may subject you to prosecution for perjury and/or for making

16   a false statement if you do not tell the truth.

17        Do you understand the potential consequences if you

18   fail to tell the truth?

19              THE DEFENDANT:  Yes, Your Honor.

20              THE COURT:  As part of this proceeding, I must

21   determine that you're competent.  That is, that you

22   understand these proceedings and are entering a knowing

23   plea.

24        To that end, sir, please state your full name.

25              THE DEFENDANT:  Nathan Jesus Baeza.

1      THE COURT:  And how old are you, sir?

2      THE DEFENDANT:  Excuse me?

3      THE COURT:  How old are you?

4      THE DEFENDANT:  I am 29 years old.

5      THE COURT:  Are you a citizen of the United

6   States?

7      THE DEFENDANT:  Yes, Your Honor.

8      THE COURT:  How far did you go in school?

9      THE DEFENDANT:  Ninth grade.

10      THE COURT:  Am I correct that you're able to both

11   speak and understand the English language?

12      THE DEFENDANT:  Yes, Your Honor.

13      THE COURT:  Are you currently on probation,

14   parole, or supervised release for any state or federal

15   conviction?

16      THE DEFENDANT:  No, Your Honor.

17      THE COURT:  Have you been treated in the last 12

18   months for any mental illness, addiction to alcohol, or

19   addiction to any narcotic drugs?

20      (Pause.)

21      THE COURT:  You can ask me.

22      THE DEFENDANT:  Well, where I'm at right now,

23   they're actually helping me with, like, not being able to

24   speak and stuff like that.

25      THE COURT:  Are you taking some medication?

1    THE DEFENDANT:  Not yet, but they're going to

2    help me.

3    THE COURT:  Let me ask you this.  In the last 24

4    hours, have you taken any medication, any drugs, or consumed

5    any --

6    THE DEFENDANT:  No, Your Honor.

7    THE COURT:  Let me finish.

8    THE DEFENDANT:  Oh, sorry.

9    THE COURT:  -- or consumed any alcohol?

10    THE DEFENDANT:  No, Your Honor.

11    THE COURT:  And is there anything about what

12    you're being treated for that is affecting your ability to

13    understand what's happening here today in court?

14    THE DEFENDANT:  No, Your Honor.

15    THE COURT:  So you're able to understand the

16    questions I'm asking you?

17    THE DEFENDANT:  Yes, Your Honor.

18    THE COURT:  And you're able to participate with

19    your attorney in fashioning a defense and responding to what

20    he needs to go forward with today's hearing?

21    THE DEFENDANT:  Yes, Your Honor.

22    THE COURT:  Very well.

23    Ms. Sweeney, do you have any doubt as to this

24    defendant's competence to plead at this time?

25    MS. SWEENEY:  No, Judge.

1      THE COURT:  Mr. McDonnell, do you have any doubt

2  as to your client's competence to plead at this time?

3      MR. MCDONNELL:  No, Your Honor.

4      THE COURT:  Sir, you have a right to be

5  represented by an attorney at each and every stage of these

6  proceedings.  If you can't afford an attorney, one will be

7  appointed to represent you at no cost.

8      Now, you're represented by Mr. McDonnell here today;

9  is that correct?

10      THE DEFENDANT:  Yes, Your Honor.

11      THE COURT:  Have you had enough time to discuss

12  the charges made against you and your response to those

13  charges with Mr. McDonnell?

14      THE DEFENDANT:  Yes, Your Honor.

15      THE COURT:  And are you completely satisfied with

16  Mr. McDonnell's representation and the advice he's given

17  you?

18      THE DEFENDANT:  Yes, Your Honor.

19      THE COURT:  Now, by proceeding with a guilty

20  plea, you'll be giving up several constitutional rights.  I

21  want to next review with you those rights and establish that

22  you understand what you're giving up by pleading guilty.

23      Sir, you have a right to stand by your plea of not

24  guilty and to require the government to proceed to trial.

25      You have a right to have a trial by jury, including

1    the assistance of counsel at a trial.

2         At such a trial, you would be presumed innocent and

3    the government would be required to prove you guilty by

4    competent evidence beyond a reasonable doubt.  You would not

5    have to prove that you're innocent.

6         Do you understand these rights?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  And do you understand that by

9    pleading guilty you'll be giving up these rights?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  You also have a right to compulsory

12   process.  That is, at trial you have the right to the

13   issuance of subpoenas to require the attendance of witnesses

14   to testify in your defense or to produce exhibits or

15   documents for trial.

16        Do you understand your right to compulsory process?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  And do you understand that by

19   pleading guilty you'll be giving up this right?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  You have the right to hear, see, and

22   cross-examine all witnesses the United States may present

23   against you.

24        Do you understand your right to confront the witnesses

25   who would testify against you?

1      THE DEFENDANT:  Yes, Your Honor.

2      THE COURT:  And do you understand that by

3  pleading guilty you'll be giving up this right?

4      THE DEFENDANT:  Yes, Your Honor.

5      THE COURT:  Sir, you have the right to remain

6  silent at trial.  While you would have the right to testify

7  if you chose to do so, you would also have the right not to

8  testify.  And no inference or suggestion of guilt could be

9  drawn from the fact you did not testify.

10      Do you understand your right to remain silent?

11      THE DEFENDANT:  Yes, Your Honor.

12      THE COURT:  And do you understand that by

13  pleading guilty you will be giving up this right?

14      THE DEFENDANT:  Yes, Your Honor.

15      THE COURT:  Sir, as I earlier stated to you, if

16  you proceed with your plea of guilty, you will be giving up

17  your right not to incriminate yourself.  You will have to

18  acknowledge that you engaged in criminal conduct to make a

19  valid guilty plea.

20      Do you understand your right not to incriminate

21  yourself?

22      THE DEFENDANT:  Yes, Your Honor.

23      THE COURT:  And do you understand that by

24  pleading guilty you will be giving up this right?

25      THE DEFENDANT:  Yes, Your Honor.

1    THE COURT:  Now, if you plead guilty and Judge

2  Oliver accepts your plea, do you understand that you will

3  have to give up your right to a trial and the other rights

4  I've just discussed, there will be no trial, and that the

5  district judge will enter a judgment of guilty and sentence

6  you on the basis of your guilty plea after considering a

7  presentence report?

8    THE DEFENDANT:  Yes, Your Honor.

9    THE COURT:  Sir, do you understand the offense to

10  which you're pleading guilty is a felony offense and that a

11  judgment of guilty may deprive you of other civil rights

12  such as the right to vote, the right to hold public office,

13  the right to serve on a jury, and the right to possess any

14  kind of firearm?

15    THE DEFENDANT:  Yes, Your Honor.

16    THE COURT:  Sir, do you have a copy of the

17  indictment?

18    THE DEFENDANT:  Yes, Your Honor, I do.

19    THE COURT:  Have you discussed with your lawyer

20  the charges in the indictment to which you intend to plead

21  guilty?

22    THE DEFENDANT:  Yes, Your Honor.

23    THE COURT:  Do you understand the charges made

24  against you in the indictment?

25    THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  Ms. Sweeney, can you state for the

2     record the maximum possible penalties for the count to which

3     Mr. Baeza intends to plea?

4          MS. SWEENEY:  Yes, Judge.  As to both counts,

5     Counts 1 and 2, in which the defendant is charged, carry the

6     same maximum penalties.

7          Count 1 is conspiracy to possess with intent to

8     distribute and distribute cocaine in violation of 21 U.S.C.,

9     Section 846 and 841(a)(1) and (b)(1)(A).

10          Count 2 is possession of a controlled substance with

11     the intent to distribute in violation is of 21 U.S.C.,

12     Section 841(a)(1) and (b)(1)(A).

13          That carries a mandatory term of imprisonment of ten

14     years, a maximum term of life imprisonment, a $10 million

15     fine, at least five years of supervised release up to a life

16     term of supervised release, and a mandatory $100 special

17     assessment for each count of conviction.

18          THE COURT:  Ms. Sweeney, is there any restitution

19     in this case?

20          MS. SWEENEY:  No, Judge.

21          THE COURT:  Is there any forfeiture?

22          MS. SWEENEY:  Judge, there is a forfeiture count

23     alleged in the indictment.  However -- and defense counsel

24     can correct me if I'm wrong, but that money does not -- did

25     not come from the defendant, and I don't believe the

1    defendant has a claim nor claims any interest in that money

2    alleged in the indictment.

3              THE COURT:  Is that correct, Mr. McDonnell?

4              MR. MCDONNELL:  Yes, Your Honor.

5              THE COURT:  Mr. Baeza, do you understand the

6    maximum possible penalties you're facing?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  And do you understand the Court's

9    obligation to impose a special assessment in this case?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Is your decision to plead guilty

12   today the result of an exercise of your own free will?

13             THE DEFENDANT:  Yes, Your Honor, it is.

14             THE COURT:  Has anyone threatened you or

15   threatened anyone else or forced you in any way to plead

16   guilty?

17             THE DEFENDANT:  No, Your Honor.

18             THE COURT:  I understand that a plea agreement

19   has been entered into between you and your lawyer and the

20   lawyer for the government; is that correct?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Mr. Baeza, do you have a copy of the

23   plea agreement?

24             THE DEFENDANT:  Yes, Your Honor, I do.

25             THE COURT:  I'm going to hand you the original

1    that I have here on the bench.  And I ask you, sir, on the

2    last page of this plea agreement, is that your signature?

3                    THE DEFENDANT:  Yes, Your Honor, it is.

4                    THE COURT:  And on each preceding page on the

5    lower right-hand corner there are initials.  Are those your

6    initials?

7                    THE DEFENDANT:  Yes, Your Honor.

8                    THE COURT:  And did you place them on each corner

9    of each page?

10                   THE DEFENDANT:  Yes, Your Honor, I did.

11                   THE COURT:  Sir, have you had an opportunity to

12   read and discuss this plea agreement with your attorney

13   before you signed it?

14                   THE DEFENDANT:  Yes, Your Honor.

15                   THE COURT:  Do you understand the terms of the

16   plea agreement?

17                   THE DEFENDANT:  Yes, Your Honor, I do.

18                   THE COURT:  Ms. Sweeney, could you please state

19   the substance of the plea agreement for the record.

20                   MS. SWEENEY:  Yes, Judge.

21        This is a nonbinding, in the sense that it does not

22   bind the Court to a particular sentence, plea agreement.

23        There is a stipulated guideline calculation in

24   paragraph 16 of the plea agreement that the parties agree

25   the base offense level is a 32.

1    And the parties agree that at this time the defendant

2    appears to have accepted responsibility. And if his conduct

3    continues in that manner, the government will move for a

4    third level reduction at the time of sentencing for

5    acceptance of responsibility.

6    And the parties agree that at the time of sentencing,

7    the parties will recommend a sentence within the guideline

8    calculations recommended in this plea agreement after the

9    criminal history category found by the Court.

10    THE COURT: Mr. McDonnell, are you in accord with

11    the substance of the plea agreement as stated by Assistant

12    United States Attorney Sweeney?

13    MR. MCDONNELL: Yes, Your Honor.

14    THE COURT: Mr. Baeza, are you in accord with the

15    substance of the plea agreement as stated by the assistant

16    prosecutor?

17    THE DEFENDANT: Yes, Your Honor.

18    THE COURT: And, Mr. Baeza, has anyone, including

19    your lawyer, the lawyer for the United States, or the Court

20    made a promise other than those contained in the plea

21    agreement to induce you to plead guilty?

22    THE DEFENDANT: No, Your Honor.

23    THE COURT: Mr. Baeza, do you understand that if

24    I recommend the acceptance of this agreement and Judge

25    Oliver accepts my recommendation, then you cannot withdraw

1    your guilty plea?

2                    THE DEFENDANT:  Yes, Your Honor.

3                    THE COURT:  Sir, I direct your attention to page

4    6, paragraph 19 of the plea agreement.

5         Mr. Baeza, do you understand that you cannot appeal

6    your sentence except under the limited circumstances

7    permitted by this section?

8                    THE DEFENDANT:  Yes, Your Honor.

9                    THE COURT:  Sir, do you further understand that

10   you cannot contest your conviction or sentence by any

11   post-conviction proceedings?

12                   THE DEFENDANT:  Yes, Your Honor.

13                   THE COURT:  Have you and your lawyer had an

14   opportunity to discuss the Sentencing Commission Guidelines

15   and how they might apply to your case?

16                   THE DEFENDANT:  Yes, Your Honor, we have.

17                   THE COURT:  I direct your attention to paragraphs

18   11 through 18 of the plea agreement beginning on page 3.

19        Mr. Baeza, do you understand that these paragraphs

20   discuss the application of the sentencing guidelines to your

21   case?

22                   THE DEFENDANT:  Yes, Your Honor.

23                   THE COURT:  Has your lawyer discussed with you

24   the range of sentence you may receive?

25                   THE DEFENDANT:  Yes, Your Honor, he has.

1    THE COURT:  Mr. McDonnell, if you can, without

2    waiving any attorney-client privilege, please state for the

3    record the substance of the discussion you had with Mr.

4    Baeza.

5    MR. MCDONNELL:  Your Honor, may it please the

6    Court.  The substance is, number one, that we believe he'll

7    be a criminal history I, that this started out at base

8    offense level 32.  Assuming that he gets the three points

9    for acceptance of responsibility, the sentencing range is 87

10   to 108 months.

11   THE COURT:  Mr. Baeza, are you in agreement with

12   what your lawyer has just stated?

13   THE DEFENDANT:  Yes, Your Honor.

14   THE COURT:  And, Ms. Sweeney, does the United

15   States agree with the substance of defense counsel's

16   position on the applicable sentencing range?

17   MS. SWEENEY:  That's correct, Judge.

18   THE COURT:  Mr. Baeza, do you understand that

19   sentencing rests within the discretion of the Court, and

20   that federal sentencing law requires the Court to impose a

21   sentence which is sufficient but not greater than necessary

22   to comply with the purposes of sentencing as set out in the

23   United States Code, and that in doing so, the Court must

24   consider the advisory United States Sentencing Guidelines

25   we've been discussing here in open court?

1                    THE DEFENDANT:  Yes, Your Honor.

2                    THE COURT:  Sir, do you further understand,

3     however, that the Court will determine the advisory United

4     States Sentencing Guideline imprisonment range after a

5     presentence report has been prepared by the United States

6     Probation Office?

7                    THE DEFENDANT:  Yes, Your Honor.

8                    THE COURT:  Sir, do you further understand that

9     any recommendations contained in the plea agreement are not

10    binding on the Court and the Court may impose any sentence

11    provided by law up to the maximum we've previously

12    discussed?

13                   THE DEFENDANT:  Yes, Your Honor.

14                   THE COURT:  And, sir, do you understand that the

15    Court alone will decide the applicable sentencing range

16    under the advisory sentencing guidelines, whether there is

17    any reason to depart from that range or impose a sentence

18    outside of the guidelines, and what sentence to impose?

19         So in other words, the sentence that the Court imposes

20    may be different from any estimate your attorney has given

21    you.

22         Do you understand that?

23                   THE DEFENDANT:  Yes, Your Honor.

24                   THE COURT:  Sir, do you understand that if the

25    Court imposes a sentence different from what is recommended

1    by the government or your attorney, that you have no right

2    to withdraw your guilty plea?

3              THE DEFENDANT:  Yes, Your Honor, I do.

4              THE COURT:  Sir, do you understand that as

5    previously discussed, it is only under some limited

6    circumstances that you and the government may have the right

7    to appeal any sentence imposed?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  Sir, do you, lastly, understand that

10   parole has been abolished and that if you are sentenced to

11   prison, you will not be released early on parole?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Having discussed your rights with

14   you, do you still wish to proceed with a guilty plea?

15             THE DEFENDANT:  Yes, Your Honor, I do.

16             THE COURT:  Sir, we will now review with you that

17   portion of the plea agreement in which you stipulate to the

18   facts as they relate to your conduct as charged in the

19   indictment.

20        You will have the opportunity to correct any facts you

21   believe to be incorrect.

22        I direct your attention to page 7, paragraph 21 of the

23   plea agreement.

24             Ms. Sweeney, could you please read the factual basis.

25             MS. SWEENEY:  Yes, Judge.  Thank you.

1          From on or about July 26, 2019 to on or about July 27,

2     2019, in the Northern District of Ohio, Eastern Division and

3     elsewhere, defendants Nathan Jesus Baeza, Harold Foucha,

4     Junior, and Christian Sherman, did knowingly and

5     intentionally combine, conspire, confederate, and agree

6     together and with each other and diverse others, known and

7     unknown to the grand jury, to distribute and possess with

8     intent to distribute approximately 20 kilograms of a mixture

9     and substance containing a detectable amount of cocaine, a

10    Schedule II controlled substance, in violation of 21 United

11    States Code, Sections 841(a)(1) and (b)(1)(A).

12          On or about July 27, 2019, in the Northern District of

13    Ohio, Eastern Division, defendants Nathan Jesus Baeza,

14    Harold Foucha, Junior, and Christian Sherman, did knowingly

15    and intentionally attempt to possess with intent to

16    distribute approximately 20 kilograms of a mixture and

17    substance containing a detectable amount of cocaine, a

18    Schedule II controlled substance, in violation of 21 United

19    States Code, Sections 846, 841(a)(1), and (b)(1)(A).

20          More specifically, on July 27, 2019, Baeza received a

21    shipment of what he believed was a large shipment of drugs

22    coming from Arizona.

23          Baeza took possession of the shipment intending to

24    distribute it in the Northern District of Ohio.

25          The amount of drugs possessed and distributed by the

1  defendant during the course of the conspiracy and/or

2  directly attributable to his actions and reasonably

3  foreseeable within the conspiracy was 20 kilograms of

4  cocaine.

5      The defendant knew the substance he was conspiring to

6  possess and distribute were controlled substances.

7          THE COURT:  Mr. Baeza, are you in total agreement

8  with the factual basis as contained in the plea agreement?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  Do you wish to make any changes in

11  the factual basis of the plea agreement as it's been read to

12  you?

13          THE DEFENDANT:  No, Your Honor.

14          THE COURT:  Mr. McDonnell, do you agree that the

15  factual basis covers each of the essential elements of the

16  offenses to which Mr. Baeza intends to plead guilty?

17          MR. MCDONNELL:  Yes, Your Honor.

18          THE COURT:  Ms. Sweeney, on behalf of the United

19  States, is there anything the Court has failed to cover

20  prior to receiving this defendant's plea?

21          MS. SWEENEY:  No, Judge.  Thank you.

22          THE COURT:  Is counsel satisfied that the Court

23  has fulfilled the requirements necessary pursuant to

24  Criminal Rule 11?

25          MS. SWEENEY:  Yes, Judge.

1          THE COURT:  Mr. McDonnell, is there anything the

2     Court has failed to cover prior to receiving your client's

3     plea?

4          MR. MCDONNELL:  No, Your Honor.

5          THE COURT:  Is counsel satisfied that the Court

6     has fulfilled the requirements necessary pursuant to

7     Criminal Rule 11?

8          MR. MCDONNELL:  Yes, Your Honor.

9          THE COURT:  Mr. Baeza, I am now prepared to

10     receive your plea.

11       Would you like to confer with your attorney before I

12     ask you what your plea is?

13          THE DEFENDANT:  No, Your Honor.

14          THE COURT:  Do you have any questions of me

15     before I ask you what your plea is?

16          THE DEFENDANT:  No, Judge.

17          THE COURT:  Now, having advised you of your

18     rights, having established your competence, and having found

19     a factual basis for your plea, I ask you now, how do you

20     plead to Counts 1 and 2 of the indictment, guilty or not

21     guilty?

22          THE DEFENDANT:  Guilty, Your Honor.

23          THE COURT:  The record will reflect the defendant

24     has tendered a plea of guilty.

25       For the record, it is my finding that the defendant,

1    Nathan Jesus Baeza, is fully competent to and capable of

2    entering an informed plea, that he's aware of the nature of

3    the charges brought against him and the consequences of his

4    plea, that his plea of guilty to Counts 1 and 2 of the

5    indictment in this case is a knowing and voluntary plea

6    supported by an independent basis in fact containing each of

7    the essential elements of the offenses charged.

8         I therefore recommend that Judge Oliver approve the

9    plea agreement, accept Mr. Baeza's plea, and adjudge him

10   guilty of the offense charged in Counts 1 and 2 of the

11   indictment.

12        The Court will order a presentence investigation

13   report prior to sentencing.

14        Mr. Baeza, I would advise you that it is in your best

15   interest to cooperate with the probation officer in

16   furnishing the information for this report since the report

17   will be important in the determination as to what your

18   sentence will be.

19        You and your attorney will have a right and an

20   opportunity to examine the report and comment on it at the

21   time of sentencing.

22        The disposition sentencing in this case has been set

23   for April 2, 2020 at 11:00 a.m. before Judge Oliver.

24        The defendant is remanded to the custody of the United

25   States marshal pending that hearing.

1        Anything further on behalf of the United States?

2                MS. SWEENEY:  No, Judge.  Thank you.

3                THE COURT:  Anything further on behalf of the

4    defendant?

5                MR. MCDONNELL:  No, Your Honor.

6                THE COURT:  We are adjourned.  Thank you.

7                THE DEFENDANT:  Thank you, Your Honor.

8                THE DEPUTY CLERK:  All rise.

9            (Proceedings concluded at 12:38 p.m.)

10

11                    C E R T I F I C A T E

12

13            I certify that the forgoing is a correct

14   transcript from the record of proceedings in the

15   above-entitled matter.

16

17                S/Caroline Mahnke            12/16/2019

18                Caroline Mahnke, RMR, CRR, CRC    Date

19

20

21

22

23

24

25