IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19-CR-493 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| NATHAN BAEZA, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S |
| Defendant. | ) | MOTION FOR RELEASE |

Now comes the United States of America, by and through counsel, Justin E. Herdman, United States Attorney, and Margaret A. Sweeney, Assistant United States Attorney, and hereby responds in opposition to Defendant Nathan Baeza's Motion for Release.  (R. 28: Motion, PageID 227).

On April 7, 2020, Defendant Baeza moved this Court for release pending his sentencing. On June 12, 2020, this Court held a video sentencing hearing for Defendant Baeza and sentenced Baeza to 27 months imprisonment.  On June 16, 2020, this Court issued the judgment of conviction.  (R. 35: Judgment, PageID 264-70).  Because this Court has already sentenced Defendant, it no longer has jurisdiction to consider Defendant's motion.

In his motion, Defendant requests release on the basis of the COVID-19 pandemic. Specifically, Defendant raises his physical conditions, which are outlined in his presentence report.  When Defendant filed his motion, Defendant was housed at Mahoning County Jail, where he submitted that he was "housed on the sixth floor in a pod with 40 plus inmates . . . all

within six feet of each other." Now that this Court has sentenced Defendant, Defendant will be transferred to a Bureau of Prisons facility.

District courts have no jurisdiction to modify a sentence after it has been imposed outside the confines of 18 U.S.C. § 3582 or Rule 35 of the Federal Rules of Criminal Procedure. Neither rule applies to Defendant Baeza's case. Moreover, now that this Court has imposed a sentence in this case, where Defendant serves that sentence is in the exclusive purview of the Bureau of Prisons. As the Supreme Court has made clear, "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment,' [18 U.S.C.] § 3621(b)." *See Tapia v. United States*, 564 U.S. 319, 331 (2011).

For these reasons, the Court should deny Defendant's Motion for Release.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:   /s/ Margaret A. Sweeney
Margaret A. Sweeney (OH: 0086591)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3990
(216) 522-7499 (facsimile)
Margaret.Sweeney@usdoj.gov